FILED

2020 Dec-21  AM 10:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN DORSEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.:** |
| | ) | |
| **JOE PIPER, INC.,** | ) | **JURY TRIAL DEMAND** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

## JURISDICTION

1.     This is a complaint for legal and equitable relief to redress violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, 1332, and § 1343.

2.     Venue for this action is proper under 28 U.S.C. § 1391. Defendants employed Plaintiff in the Southern Division of the Northern District of Alabama.

## PARTIES

3.     Plaintiff John Dorsey ("Plaintiff") is a citizen of the United States of America and of the State of Alabama and resides in the Southern Division of the Northern District of Alabama.

4.     Defendants provide medical services and are an employer under the ADA. Defendants' primary place of business is in the Southern Division of the Northern District of Alabama.

1

## ADMINISTRATIVE REMEDIES

5.     Defendant terminated Plaintiff on or about December 10, 2019.

6.     Plaintiff filed a Charge of Discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") on May 3, 2020. (See Exhibit A).

7.     Plaintiff filed his Charge of Discrimination within 180 days of his termination.

8.     The EEOC issued a Dismissal and Notice of Rights to Plaintiff dated September 15, 2020. (See Exhibit A).

9.     Plaintiff received the Dismissal and Notice of Rights after September 15, 2020.

10.    Plaintiff initiated this action within 90 days of his receipt of the Dismissal and Notice of Rights.

## STATEMENT OF FACTS

11.    Plaintiff began working for Defendant on or about May 10, 2015 as a Machine Helper.

12.    Plaintiff is legally deaf. Plaintiff's disability impacts his major life activities including, but not limited to, being able to hear and talk with people.

13.    Defendant was aware of Plaintiff's disability from the date they hired him.

2

14.    Plaintiff was mocked daily by his supervisors and coworkers because of his deafness.

15.    Plaintiff reported the harassment to Defendant on multiple occasions. Defendant failed to take corrective action against the harassing employees.

16.    Plaintiff requested an accommodation for his deafness on multiple occasions. Specifically, Plaintiff requested a certified interpreter during trainings and other meetings.

17.    Defendant never provided a certified interpreter for Plaintiff.

18.    Plaintiff experienced harassment because of his deafness throughout his employment with Defendant.

19.    On or about December 10, 2019, Defendants terminated Plaintiff alleging that he violated Defendant's policies by having conflicts with his coworkers.

### COUNT ONE
### DISABILITY DISCRIMINATION CLAIM

20.    Plaintiff is legally deaf.

21.    Plaintiff's physical impairment is disabilities under the ADA because he has a record of having physical impairment that substantially limits one or more major life activities.

22.    Plaintiff was regarded by Defendant as having a physical impairment that substantially limits or limited one or more major life activities.

3

23.     Plaintiff worked for Defendant as a Machine Helper.

24.     Defendant was aware of Plaintiff's disability from the date they hired him.

25.     Plaintiff was mocked daily by his supervisors and coworkers because of his deafness.

26.     Plaintiff reported the harassment to Defendant on multiple occasions. Defendant failed to take corrective action against the harassing employees.

27.     Plaintiff experienced harassment because of his deafness throughout his employment with Defendant.

28.     On or about December 10, 2019, Defendants terminated Plaintiff alleging that he violated Defendant's policies by having conflicts with his coworkers.

29.     Defendant's decision to terminate Plaintiff was, and is, unlawful and in violation of the Americans with Disabilities Act of 1990.

## COUNT TWO
## FAILURE TO ACCOMMODATE CLAIM

30.     Plaintiff is legally deaf.

31.     Plaintiff's physical impairment is disabilities under the ADA because he has a record of having physical impairment that substantially limits one or more major life activities.

32.     Plaintiff was regarded by Defendant as having a physical impairment that substantially limits or limited one or more major life activities.

33.     Plaintiff worked for Defendant as a Machine Helper.

34.     Defendant was aware of Plaintiff's disability from the date they hired him.

35.     Plaintiff requested an accommodation for his deafness on multiple occasions. Specifically, Plaintiff requested a certified interpreter during trainings and other meetings.

36.     Defendant never provided a certified interpreter for Plaintiff.

37.     On or about December 10, 2019, Defendants terminated Plaintiff alleging that he violated Defendant's policies by having conflicts with his coworkers.

38.     Plaintiff was a qualified individual as he could, with or without reasonable accommodations, perform the essential functions of a Machine Helper in which he was employed by Defendant.

39.     Plaintiff requested a reasonable accommodation and attempted to engage in the interactive process with Defendant.

40.     Defendant's refusal to provide reasonable accommodations was and is unlawful and in violation of the Americans with Disabilities Act of 1990.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court grant him relief as follows:

a.     Grant Plaintiff a declaratory judgment that the employment practices complained of herein violate the rights of Plaintiff as secured by the Americans with Disabilities Act of 1990, and the Civil Rights Act of 1991.

b.     Grant Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys, and those acting in concert with the Defendants and at the Defendants' request, from continuing to violate the Americans with Disabilities Act of 1990, and the Civil Rights Act of 1991.

c.     Enter an order requiring Defendants to reinstate Plaintiff to employment with Defendants or front pay in lieu thereof.

d.     Grant Plaintiff an award of back pay and fringe benefits (plus interest) and compensatory damages.

e.     Plaintiff prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,


*/s/ Ashley R. Rhea*
Ashley R. Rhea
Bar Number: asb-8736-H81O
Attorney for Plaintiff

**OF COUNSEL:**
RHEA LAW LLC
104 23rd Street South
Suite 100
Birmingham, AL 35233
Telephone: (205) 675-0476
Email: arhea@rhealawllc.com

**DEFENDANT'S ADDRESS:**
Joe Piper, Inc.
c/o April M. Mason
Burr Forman, LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203