

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN DORSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:20-cv-02042-CLM |
| | ) | |
| JOE PIPER, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

Plaintiff's claims for relief under the Americans with Disabilities Act, 42 U.S.C. §§ 12101- 12117 (the "ADA") are inadequately pleaded and appear to include untimely claims. None of the claims asserted are supported by factual allegations that can push them "across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Instead, Plaintiff has pleaded "labels and conclusions" as well as a "formulaic recitation of the elements of a cause of action" deemed insufficient to state a claim. *Id.* at 570.

For these reasons, Defendant moves to dismiss the Complaint or, in the alternative, moves for a more definite statement.

## BACKGROUND

1. Plaintiff's claims arise out of his employment with Defendant from May 10, 2015 to December 10, 2019, when Plaintiff was terminated. *See* Complaint, ¶¶ 11-19.[1]

2. Plaintiff alleges, and Defendant admits, that Plaintiff is legally deaf and thereby protected under the ADA. *Id*., ¶ 21. Further, Plaintiff alleges, and Defendant admits, that Defendant knew Plaintiff was legally deaf when he was hired in 2015. *Id*., ¶ 24.

3. Plaintiff alleges he was mocked daily by supervisors and coworkers because of his deafness. *Id*., ¶¶ 25–28. Plaintiff alleges he "reported the harassment to Defendant on multiple occasions" and "Defendant failed to take corrective action against the harassing employees." *Id*.

4. Lastly, Plaintiff alleges, and Defendant admits, that Plaintiff was terminated on December 10, 2010. Plaintiff alleges Defendant told Plaintiff he was terminated because "he violated Defendant's policies by having conflicts with his coworkers." *Id*. at ¶ 28.[2]

---

[1] The termination decision and notice was actually sent on the evening of December 9, 2019. Because Plaintiff worked that day, the termination was considered effective the next day, December 10, 2019.

[2] The Complaint references Plaintiff's termination letter, which states Plaintiff was terminated for "aggressive and destructive behavior [that] cannot be tolerated for the safety of our business as well as the other employees." *See* Ex. A, Termination Letter. Plaintiff was terminated after he got in a fight with a coworker during which Plaintiff used a knife to threaten his coworker and destroy company property.

11520515v.1

## <u>LEGAL STANDARD</u>

Rule 8(a)(2) provides that a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bush v. J.P. Morgan Chase Bank, N.A.,* No. 2:15-cv-00769-JEO, 2016 WL 324993, at *1 (N.D. Ala. Jan. 27, 2016) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957) & *Fed. R. Civ. P.* 8(a)(2)).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bush,* 2016 WL 324993, at *1 (quoting *Twombly,* 550 U.S. at 555). "Nor is it proper to assume that the plaintiff can prove facts he has not alleged or that the defendants have violated the law in ways that have not been alleged." *Bush,* 2016 WL 324993, at *1 (quoting *Twombly,* 550 U.S. at 563 n.8).

To state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A plaintiff must support his claims with "more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).  Legal conclusions

"must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged, and those factual allegations must show more than a mere possibility that the defendant acted unlawfully. *Id.* Unless the facts as alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly,* 550 U.S. at 570.

## ARGUMENT

First, the Complaint fails to present claims for relief in separate counts as required by Rule 10(b) making it difficult to discern what relief is sought in connection with a particular assertion of liability. Second, Plaintiff's claims are unsupported by factual allegations to satisfy the *Twombly/Iqbal* plausibility standard. The claims are merely speculative, not factually plausible. Because Rule 8 requires Plaintiff to plead more than just conjecture, the Court should dismiss these claims. Third, the Complaint appears to include untimely claims that are due to be dismissed. In sum, the Complaint should be limited to include only claims properly asserted and supported by factual allegations showing the claims are plausible and timely.

## I.    Count One, Disability Discrimination Claim

Count One includes conclusory statements that "Plaintiff experienced harassment because of his deafness" and "Defendant's decision to terminate Plaintiff

was, and is, unlawful and in violation of the Americans with Disabilities Act of 1990." Complaint, ¶27 & ¶ 29. It is unclear under Count One whether Plaintiff is making a claim for unlawful termination or hostile work environment, or both. These claims are due to be amended to comply with Rule 10(b) and provide such clarity and precision that Defendant will be able to discern what Plaintiff is claiming and frame a responsive pleading.

For the purpose of addressing Rule 12(b)(6) dismissal, Defendant assumes Count One asserts a claim for both wrongful termination and hostile work environment.

### A. Wrongful Termination

Plaintiff conclusively states Defendant's termination decision was is in violation of the ADA. Complaint, ¶ 29. Plaintiff, however, fails to allege a set of facts to show beyond a "mere possibility" that Defendant acted unlawfully. *Twombly*, 550 U.S. at 555. Rather, as alleged, the Complaint suggests Defendant terminated Plaintiff for a legitimate, non-discriminatory reason. Defendant is not liable under the ADA for terminating Plaintiff because he violated an employment policy by "having conflicts with his coworkers" as stated in the Complaint at ¶ 28. The Complaint does not allege that Plaintiff did not violate the employment policy asserted by Defendant. Nor does Plaintiff claim that the employment policy violation was not actually the main reason for Defendant's termination decision. Further,

5

Plaintiff fails to allege the employment policy was discriminatory. Plaintiff does not allege any facts connecting the employee conflict or the employee conflict policy to his disability.

Most notably, the Complaint does not allege Defendant terminated Plaintiff <u>because of</u> his disability. Likewise, the Complaint does not contain any factual allegations to show beyond a "mere possibility" that Plaintiff was terminated <u>because of </u>his disability. It follows, Plaintiff fails to state a claim for wrongful termination under the ADA. *See* 42 U.S.C. § 12112.

**B. Hostile Work Environment**

Plaintiff asserts ongoing harassment in the body of the Complaint, but he does not specifically allege a hostile work environment. The Eleventh Circuit has not explicitly recognized a hostile work environment claim under the ADA. *See Menzie v. Ann Taylor Retail, Inc.*, 549 F. App'x 891, 896 n.9 (11th Cir. 2013) ("We have never held in a published opinion that a hostile work environment claim is available under the ADA."); *Gilliard v. Ga. Dep't of Corr.*, 500 F. App'x 860, 868 (11th Cir. 2012); *see also Stewart v. Jones Util. & Contracting Co., Inc.*, No. 19-14115, 2020 WL 1313636, at *2, n.2 (11th Cir. Mar. 19, 2020) (assuming for the purposes of that case that an ADA hostile work environment claim exists, but noting that "we need not decide whether that cause of action does in fact exist").

This district court has assumed a retaliatory hostile work environment exists under the ADA. *Shaling v. UPS Ground Freight*, 202 F. Supp. 3d 1283, 1290–91 (N.D. Ala. 2016) (recognizing an ADA retaliatory hostile work environment claim and finding that the "language of Title VII and the ADA match closely"). Assuming *arguendo* that such a claim is recognized, the claim fails because Plaintiff does not allege the claimed harassment was sufficiently severe or pervasive to alter the terms and conditions of his employment and create an abusive work environment.

Whether the claimed harassment was "sufficiently severe or pervasive" has both an objective and a subjective component. *Baroudi v. Sec'y, U.S. Dep't of Veterans Affairs*, 616 F. App'x 899, 904 (11th Cir. 2015) (*citing Gowski v. Peake*, 682, F.3d 1299, 1311-12 (11th Cir. 2012). "That is, the employee must 'subjectively perceive' the harassment as severe or pervasive enough to change the terms of [his] employment, and the harassment must result in an environment that a reasonable person would find hostile or abusive. In evaluating the objective component, we consider the frequency and severity of the retaliatory conduct, as well as whether it (1) is physically threatening or humiliating, and (2) unreasonably interferes with the employee's job performance." *Id.* (citations omitted). Neither Title VII, nor the ADA, is a "general civility code, and simple teasing[,] offhand comments, and isolated incidents (unless extremely serious) do not constitute a hostile work

environment." *Guthrie v. Waffle House, Inc.*, 460 F. App'x 803, 806 (11th Cir. 2012).

Here, Plaintiff merely alleges he was "mocked daily" and "experienced harassment." Complaint, ¶¶ 25-27. Such conclusory statements are not sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. These statements amount to "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that will not suffice under Rule 12. *Iqbal*, 556 U.S. at 678. Plaintiff fails to present any facts alleging how the alleged harassment altered the terms and conditions of his work environment. Plaintiff fails to assert factual allegations showing beyond a "mere possibility" that he experienced a hostile work environment. Resultantly, this claim is due to be dismissed.

Further, Plaintiff's hostile work environment claim fails to provide sufficient detail regarding his alleged reports to Defendant regarding the alleged harassment. To respond to this claim, Defendant must be provided some information as to when these reports were made and to whom. Importantly, such information is needed to assess the timeliness of Plaintiff's claim. To the extent Plaintiff relies on any discrete discriminatory acts of harassment occurring outside the applicable statute of limitations, those acts/ events, allegations, or claims should be barred. The period for filing a charge with the EEOC for an alleged violation of the ADA is 180 days from the date of the alleged unlawful employment practice. *See* 42 U.S.C. §2000e-

5(e)(1). Any claims based on discrete acts of harassment prior to June 12, 2019 (the date of Plaintiff's EEOC Charge) should be dismissed as untimely and based on a failure to exhaust administrative remedies.

## II.   Count Two, Failure to Accommodate Claim

Plaintiff claims he "requested an accommodation for his deafness on multiple occasions." Complaint, ¶ 35. Similar to Count One, Plaintiff does not allege sufficient facts to state a claim. Plaintiff claims he "requested a certified interpreter during trainings and other meetings." *Id*. The Complaint does not allege, however, that a certified interpreter was necessary for Plaintiff to perform the essential functions of his job. Additionally, Plaintiff does not allege that Defendant's failure to provide this accommodation lead to an unequal access to benefits available to other individuals in the workplace. It follows, Plaintiff fails to state a claim for failure to accommodate under the ADA.

Further, Plaintiff does not provide any information as to when these accommodation requests were made and to whom such requests were made. Defendant does not have sufficient information to evaluate whether this claim is timely and formulate a response. To the extent Plaintiff relies on failures to accommodate occurring prior to June 12, 2019 (the date Plaintiff filed his EEOC charge) those allegations and claims should be dismissed as untimely and based on a failure to exhaust administrative remedies.

11520515v.1

## <u>CONCLUSION</u>

This Court should dismiss the Complaint for failure to state a claim upon which relief can be granted. To the extent the Court does not dismiss the Complaint, a more definite statement is warranted, and Plaintiff should file and serve an amended complaint that cures the vague and conclusory allegations contained in the Complaint.

Dated:  February 8th, 2021.

/s/ Rebecca A. Young
REBECCA A. YOUNG (asb-9967-c49c)

**OF COUNSEL:**
WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER, LLP
1500 Urban Center Drive Suite 450
Birmingham, AL 35242
(205)709-8990 Main
(205)709-8979 Facsimile
rebecca.young@wilsonelser.com

11520515v.1

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this the 8th day of February, 2021, the foregoing has been electronically filed utilizing the Court's CM/ECF system, which will send electronic notification to the following counsel of record:

Ashley R. Rhea
Rhea Law LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
arhea@rhealawllc.com

/s/ Rebecca A. Young
OF COUNSEL

11

11520515v.1