
## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN DORSEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.: 2:20-cv-2042-CLM** |
| v. | ) | |
| | ) | **ORAL ARGUMENT** |
| **JOE PIPER, INC.,** | ) | **REQUESTED** |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION PURSUANT TO RULE 12 AND INCORPORATED MEMORANDUM

COMES NOW the Plaintiff, by and through his undersigned counsel, and files his Response to Defendant Joe Piper, Inc's Motion for to Dismiss or, in the Alternative, Motion for a More Definite Statement. Plaintiff respectfully requests that the Court deny Defendant's Motion and shows unto the Court the following:

**I.    Plaintiff's Complaint States a Plausible Claim for Disability Discrimination and a Failure to Accommodate**

Defendant's "Wrongful Termination" argument centers around a cause of action not asserted in Plaintiff's Complaint – a hostile work environment claim. Count One of Plaintiff's Complaint states in clear language, "DISABILITY DISCRIMINATION CLAIM." Compl., p. 3. To establish a *prima facie* case for disability discrimination, Plaintiff "must show that: (1) he is disabled; (2) he was a 'qualified individual' at the relevant time, meaning he could perform the essential

functions of the job in question with or without reasonable accommodations; and (3) he was discriminated against because of his disability." *Lucas v. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001). Plaintiff does not have to demonstrate that the discrimination was "severe" or "pervasive" to state a viable claim.

In regard to Plaintiff's failure to accommodate claim, Defendant asks the Plaintiff to assert facts in his Complaint which the Eleventh Circuit recognizes as information exclusively in the possession of an employer. The ADA states that "consideration shall be given to the <u>employer's judgment</u> as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job." 42 U.S.C. § 12111(8) (emphasis added); *Lucas*, 257 F.3d at 1258. At the initial pleading stage, Plaintiff has not yet had the opportunity to request Defendant's written job description or get deposition testimony regarding the essential functions of Plaintiff's position.

**II.  Defendant's Motion for a More Definite Statement Improperly Uses Rule 12(e) to Circumvent the Discovery Process**

For responding parties, "[a] Rule 12(e) motion is an appropriate response to a "shotgun pleading.'" *Downing v. Midland Funding, LLC*, No. 2:15-cv-00737- RDP, 2016 U.S. Dist. LEXIS 3484, at *3, (N.D. Ala. Jan. 12, 2016). The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type […] is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland*, 792 F.3d at 1321-2 Although Defendant may prefer the Plaintiff to have provided more information, "this is not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." *Weiland v. Sheriff's Office*, 792 F.3d 1313, 1324 (11th Cir. 2015). The Complaint provides notice of what the Defendant was alleged to have done and why they are liable for doing it. *Weiland*, 792 F.3d at 1324; *See also*, *Downing*, 2016 U.S. Dist. LEXIS 3484, at *3. At a minimum, Defendant can reasonably prepare a response under Fed. R. Civ. P. 8(b)(5) stating that they "lack knowledge or information sufficient to form a belief about the truth of an allegation." *Baker v. Nucor Steel Birmingham Inc.*, 2:17-cv-01863-KOB, 2018 U.S. Dist. LEXIS 99013, at *14 (declining to order repleading on this basis where the "complaint contains few factual allegations and only two counts").

Defendant's Motion appears to claim a need for more information relating to whether the discrimination was "severe" or pervasive." However, since Plaintiff did not assert a hostile work environment claim, the Defendant's request seeks information properly addressed during the discovery process. Courts routinely hold that "a party may not use a Rule 12(e) motion to obtain information that can otherwise be obtained in discovery." *Satterfield*, 2016 U.S. Dist. LEXIS 189275, at *9; *See also, Baker*, 2018 U.S. Dist. LEXIS 99013, at *14; *Harris v. Fisher-Price Inc.*, No. 1:13- CV-00076-KOB, 2013 U.S. Dist. LEXIS 189074, at *2 (N.D. Ala. October 24, 2013); *Tolbert v. High Noon Prods., LLC*, 4:18-CV-00680-KOB, 2019 U.S. Dist. LEXIS 2937, at *6, (N.D. Ala. January 8, 2019).

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss and its Motion for a More Definite Statement.

Respectfully submitted,

*/s/ Ashley R. Rhea*
Ashley R. Rhea
Bar Number: asb-8736-H81O
Attorney for Plaintiff

**OF COUNSEL:**
RHEA LAW LLC
104 23rd Street South
Suite 100
Birmingham, AL 35233
Telephone: (205) 675-0476
Email: arhea@rhealawllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of March 2021, I electronically filed the foregoing with the CM/ECF system for service on the following counsel of record:

Rebecca A. Young
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
1500 Urban Center Drive
Suite 450
Birmingham, AL 35242
Attorney for Defendant

                                               */s/ Ashley R. Rhea*
                                               OF COUNSEL