IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DORSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:20-cv-02042-CLM |
| ) | |
| JOE PIPER, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S UNTIMELY OPPOSITION AND PLAINTIFF'S FAILURE TO SHOW CAUSE**

Defendant's Motion to Dismiss is due to be granted because Plaintiff has repeatedly failed to comply with this Court's orders and Plaintiff has failed to show cause as ordered by this Court. Further, even if this Court considers Plaintiff's untimely opposition, the Complaint fails to state a claim.

**Relevant Procedural History**

February 8, 2021- Defendant filed a Motion to Dismiss, or in the alternative, Motion for More Definite Statement. [Doc.3.]

February 9, 2021- This Court entered a briefing schedule requiring Plaintiff to respond to Defendant's motion by March 1, 2021. [Doc. 4.]

March 1, 2021- Plaintiff failed to respond by the court-ordered deadline and did not seek an extension.

March 8, 2021-Defendant filed a Motion for Entry of Dismissal based on Plaintiff's failure to respond and based on the grounds set out in its pending motion. [Doc. 5.]

1

March 15, 2021- This Court ordered Plaintiff "to show cause in writing by Friday March, 19, 2021 why the court should not grant the Defendant's motion and dismiss the claims against Defendant for failure to state a claim." [Doc. 7.]

March 19, 2021- Plaintiff failed to respond. Despite having 40 days to prepare a response, the Plaintiff failed to present a response to Defendant's Motion to Dismiss. The Plaintiff further violated this Court's show cause order and failed to present any explanation for missing the March 1, 2021, court-ordered deadline. Instead, on the show-cause deadline at 11:53 p.m., Plaintiff filed a document with a heading stating it was his response, but did not include any supportive grounds. [Doc. 8.]

March 24, 2021- 5 days past the show-cause deadline and 23 days past the deadline for submitting the opposition to Defendant's Motion to Dismiss, Plaintiff finally submitted a 4-page document in opposition to Defendant's dispositive motion. [Doc. 9.] This untimely document does not contain any information explaining the failures to comply with the March 1 and March 19 deadlines. Thus, Plaintiff remains in violation of this Court's show cause order.

## Dismissal Should Be Granted Because of Plaintiff's Failures to Comply with Court Orders and Failure to Show Cause

Plaintiff's late submission contains absolutely no explanation for why the preparation of a 4-page document took 45 days from the time Defendant submitted its motion and contains no explanation for why Plaintiff violated 2 court orders-- and continues to violate this Court's order directing him to show cause.

Notably, Plaintiff did not request an extension of time following the original briefing schedule entered on February 9, 2021.  Nor did Plaintiff request an extension after he

2

missed the responsive deadline of March 1, 2021, nor after he missed the March 19, 2021 show cause order deadline.

Federal Rule of Civil Procedure, Rule 6(b) permits a late filing <u>if the party establishes excusable neglect</u> for its tardiness. *See* FED. R. CIV. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").

Plaintiff has not presented any information to this Court demonstrating excusable neglect. Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Additionally, this Court has found that case law supports dismissal following a "pattern of non-compliance with deadlines and disregard for orders." *Schillaci v. Wal-Mart Stores East, L.P.*, No. 17-CV-337, 2017 U.S. Dist. LEXIS 169594 at *3-4 (N. D. Ala. October 13, 2017) relying on *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *and Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and [e]nsure prompt disposition of lawsuits.")

In this case, by missing deadlines and failing to provide any explanation for noncompliance, Plaintiff has shown and continues to show a disregard for court orders.

For this reason, Defendant requests this Court grant dismissal pursuant to FED. R. CIV. P. 41(b).

### Plaintiff's Untimely Response Does Not Address or Cure His Failure to State a Claim

Even if this Court considers Plaintiff's untimely response, dismissal is due to be granted because Plaintiff fails to state a claim as required by the federal pleading standard. Plaintiff's response is helpful to the extent it clarifies Plaintiff is <u>not</u> making a hostile work environment claim. [Doc. 9, p.1.] Plaintiff, however, fails to support the remaining claims of wrongful termination and failure to accommodate.

(1) <u>Wrongful Termination</u>

Quite simply, Plaintiff fails to state a claim for wrongful termination because he does not allege that he was terminated <u>because of</u> his disability.

Plaintiff alleges he is disabled and alleges he was terminated. Then, the Complaint jumps to an unsupported legal conclusion that Plaintiff was terminated "in violation of the ADA." Complaint, ¶ 29. Plaintiff does not make any factual allegations to support this legal conclusion. The limited factual allegations regarding Plaintiff's termination suggest Plaintiff was not terminated because of his disability, but rather imply Plaintiff was terminated "because he violated Defendant's policies by having conflicts with his coworkers." Complaint, ¶ 28. Plaintiff does not assert any factual allegations connecting his disability to the Defendant's employee-conflict policy. Resultantly, the Complaint does not allege facts to move Plaintiff's claim "across the line from conceivable to plausible"; thus, the "complaint must be dismissed." *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

4

(2) <u>Failure to Accommodate</u>

Plaintiff alleges Defendant failed to provide him with a requested accommodation, but Plaintiff does not allege this accommodation was necessary for him to perform the essential functions of his job and he does not allege that but for the failure to accommodate he would not have been terminated. Further, Plaintiff fails to allege when and to whom these accommodation requests were made which makes it likely, given his multiple years of employment, that the asserted claims are untimely and due to be dismissed.

In an ADA failure to accommodate claim "[plaintiff] bears the burden of showing not only that [the employer] failed to reasonably accommodate his disability, but that, **but for** [the employer's] failure to accommodate his disability, he would not have been terminated." *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1263 (11th Cir. 2007)(emphasis added). This Court has relied on *Holly* for this principle emphasizing the "**but for**" requirement stating: "[t]his holding is straightforward and impossible to misunderstand." *Kirkland v. Southern Co. Servs.,* No. 15-CV-1500, 2016 U.S. Dist. Lexis at *7-8. (N. D. Ala. March 8, 2016)(dismissing with prejudice an ADA reasonable accommodation claim because plaintiff failed "to allege the mandatory 'but-for' causation.") Here, Plaintiff also fails to include factual allegations connecting his termination to the alleged failure to accommodate. Thus, the claim is due to be dismissed.

The failure to accommodate claim does not contain factual allegations regarding when and to whom the alleged accommodations were requested. The claim merely states Plaintiff requested an accommodation "on multiple occasions." Complaint, ¶16 & ¶35. Without information from Plaintiff as to when these subject requests were made, Defendant cannot evaluate whether this claim is timely and formulate a response.

In his untimely opposition, Plaintiff argues that Defendant is improperly demanding "information exclusively in the possession of the employer" and that Defendant is improperly using Rule 12 "to circumvent the discovery process." [Doc. 9, p. 2.] Plaintiff argues he has not had an opportunity to obtain Plaintiff's written job description or deposition testimony regarding Plaintiff's essential job functions. *Id.*

Plaintiff does not need information exclusively in the possession of the employer to make basic factual allegations. The Complaint fails to allege a connection between the requested accommodation and Plaintiff's ability to perform his job. Similarly, Plaintiff fails to allege a connection between the failure to accommodate and Plaintiff's termination. A written job description and deposition testimony are not necessary for asserting such connection. Further, the job description and deposition testimony are unnecessary for Plaintiff to identify the time period that his alleged accommodation requests were made beyond the mere assertion of "on multiple occasions." Plaintiff worked for Defendant for multiple years and should possess information sufficient to assert factual allegations (1) connecting the alleged accommodation requested to the performance of his job and termination and (2) identifying when the accommodations were requested and refused.

**Conclusion**

Plaintiff initiated this action with an inadequate pleading that fails to state a claim. When ordered to respond to Defendant's motion challenging that pleading, Plaintiff failed. Then, when ordered to show cause for that failure, Plaintiff failed once again. Currently, the Plaintiff remains in violation of this Court's order and has not presented any explanation for the multiple failures to respond. For these reasons, this Court should dismiss Plaintiff's claims.

Further, even if this Court overlooked Plaintiff's multiple failures to comply, dismissal is due to be granted because Plaintiff has failed to state a claim.

For these reasons, Defendant respectfully requests that this Court dismiss Plaintiff's claims for wrongful termination and failure to accommodate.

Dated:  March 26th, 2021.

        /s/ Rebecca A. Young
        REBECCA A. YOUNG (asb-9967-c49c)

**OF COUNSEL:**
WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER, LLP
1500 Urban Center Drive Suite 450
Birmingham, AL 35242
(205)709-8990 Main
(205)709-8979 Facsimile
rebecca.young@wilsonelser.com

7

**CERTIFICATE OF SERVICE**

I certify that on this the 26th day of March, 2021, the foregoing has been electronically filed utilizing the Court's CM/ECF system, which will send electronic notification to the following counsel of record:

Ashley R. Rhea
Rhea Law LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
arhea@rhealawllc.com

/s/ Rebecca A. Young
OF COUNSEL

8

11652773v.1